## WILLIAM E. JOHNSON v. WATT, NOBLE & MOBLEY.

Where a bill of exchange was given for a sum of money loaned, and it was agreed that upon the borrower's executing a mortgage to secure the payment of the sum, the bill of exchange should be given up—*Held:* That although the mortgage was objected to when presented, yet the fact that it was retained and suit instituted on it, would act as a waiver of the objection, and all recourse on the bill of exchange be lost.

*This exception is not personal to the principal debtor.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Benjamin, Bradford & Finney,* for plaintiff and appellant. *Hays & Adams,* for defendants.

DUFFEL, J. On the 4th of June, 1857, the defendants issued a letter of credit in favor of *B. C. Adams,* which reads as follows :

"New Orleans, 4th June, 1857.

*B. C. Adams, present.*

Dear Sir : We hereby authorize you to value on us for such amounts as you may find necessary. Your drafts to mature from sixty to three hundred and sixty-five days from this date.

Yours with respect.

(Signed)                                    WATT, NOBLE & MOBLEY."

The Bank of Camden, South Carolina, having advanced to the said *Adams* $15,000, he gave for the same his draft or bill of exchange to the plaintiff, as president of said bank, as also the above letter of credit to stand as a security for the $15,000 advanced as aforesaid. The bill of exchange is as follows :

"$15,000.                                    Charleston, S. Ca., Sept. 11, 1857.

On the 15th of March after date of this first of exchange, second unpaid, pay to the order of *Wm. E. Johnson,* president, fifteen thousand dollars value received, and charge the same to account of

(Signed)                                    B. C. ADAMS.

To Messrs. *Watt, Noble & Mobley,* New Orleans."

The bill of exchange was duly protested at maturity, for non-payment, and the plaintiff, as president of the Camden Bank, now sues the defendants for the payment of the above draft, on the faith of their above letter of credit.

The case was submitted to a jury, who returned a verdict in favor of the defendants for costs, and the plaintiff is appellant from the judgment confirming said verdict.

It appears from the evidence, that the advance of the $15,000 was made to *Mr. Adams* in anticipation of an arrangement by which he was to receive $50,000, for which two notes of $25,000 each were to be furnished by him, as also a mortgage, or deed of trust, on real and personal property, in the State of Mississippi, worth more than fifty per cent. over the amount, to secure said notes and subsequent advances, &c., and that the bill of exchange and letter of credit were to be given up to *Adams* upon the execution of the mortgage, in accordance with the agreement. The two notes of $25,000 each, and the mortgage to secure the same, were executed by *Adams* on the 24th of September, 1857, and sent to the Camden Bank ; and it is admitted that on the 28th of September, 1857, *Mr. Adams* notified the defendants not to accept, or pay the bill of exchange sued on, as he had arranged the debt by giving a mortgage ; and it is also admitted, that the defendants suspended about the 15th of November, 1857.

It also appears, that the arrangement under which the two notes of $25,000 each and the mortgage were executed, was never completed or carried out, because the bank was not satisfied with the value of the property mortgaged, and also on account of the commercial crisis of the fall of 1857 ; nevertheless, the bank kept, not only the draft sued on, but likewise the two notes above described, and notwithstanding its objection to the mortgage, did, on the 18th day of October, 1858, (this suit was instituted on the 25th February, 1859,) enter a bill of complaint in the Chancery Court of the County of Yalobusha, Mississippi, wherein said plaintiff claims, as president, from the said *B. C. Adams*, the amount due on the two mortgaged notes, and the seizure and sale of the property mortgaged, to satisfy such judgment as will be rendered in the premises, on the account to be taken according to the forms adopted in said State; and we are informed by one of the plaintiff's witnesses that the amount actually claimed is the above sum of $15,000.

It is conceded that, had the bank accepted the mortgage, it would have lost its right of action against the defendant, for novation would then have taken place ; and hence, the only question submitted to us is, whether the suit instituted in Mississippi to enforce the mortgage is not *tantamount* to an unqualified acceptance of the mortgage which, according to the terms of the contract of the parties, carried with it the extinguishment of the bill of exchange. It appears to us, that when parties enter into a lawful agreement, they should be bound by the terms of their own contract, and that, as it was distinctly understood that the mortgage and the bill of exchange could not exist together, but that the existence of the first would destroy the latter, that an action cannot lie, at the same time, to enforce both the mortgage and the bill of exchange. It is true that the bank objected to the mortgage, and did not accept it in express terms ; but the bank, by instituting her action on the mortgage, in the State of Mississippi, thereby waived her objections, and lost, by her own act, all recourse on the bill of exchange. Any other construction would be in direct opposition to the agreement of the parties.

It cannot be urged that the exceptions opposed by the defendants are personal to the principal debtor, *Adams*. C. C. 3028, 3029; *Gilbert* v. *Meriam*, 2 An. 160; *Leckie* v. *Scott et al.*, 10 La. 413; *Short* v. *The City of New Orleans et al.*, 4 An. 281.

Judgment affirmed, with costs.

LAND, J., absent.